CLOVER LEAF DAIRY CO. et al. v. VAN GERVEN et al.

No. 4678.   Decided January 7, 1929.   (275 P. 9.)

*Stewart, Alexander & Budge,* of Salt Lake City, for respondents.

*F. W. James,* of Salt Lake City, for appellants.

HANSEN, J.

The defendants Gerard A. Van Gerven, George Mathison, and R. Bruce were found guilty of contempt of court. They appeal.

On October 13, 1927, the district court of Salt Lake county entered a decree against the defendants, which decree contained the following provisions:

"That the defendants, and each of them, their servants, agents and employees, and all persons acting in aid or assistance of them, or any or either of them, be, and they are, and each of them is, hereby permanently restrained and enjoined from taking into their possession or under their control, or using in the conduct or operation of the dairy business of said defendants, or any of them, or otherwise, any glass milk or cream bottles which have blown into the glass of which said bottles are made, in the form of a globular monogram, the trade name, mark or insignia of the plaintiffs respectively, that is to say: [Here follows a description of the trade name, mark or insignia] and the said defendants, and each of them, and all persons acting, in aid or assistance of them, or any or either of them, are, and each of them is, also hereby permanently restrained and enjoined from taking into their possession or under their control, or from using in the conduct of their said dairy business or otherwise, any metal cans or wooden cases bearing the aforesaid trade name, mark or insignia of the plaintiffs respectively. * * *"

On October 15, 1927, a copy of the decree and notice of signing the same were served upon the defendants and their attorney. On October 28, 1927, an affidavit was filed in the case, reciting the provisions of the decree and charging the defendants with a violation thereof. Upon filing the affidavit an order was issued requiring the several defendants to appear before Hon. William S. Marks, one of the judges of the district court of Salt Lake county, and show cause why they should not be adjudged guilty of contempt of court for a violation of the decree entered on October 13, 1927. The defendants appeared and denied generally the allegations of the affidavit. A trial was had upon the issues thus joined. Findings of fact were made, and the defendants were adjudged guilty of contempt of the court's decree of October 13, 1927. The following judgment was rendered against them:

"It is hereby ordered and adjudged that as punishment for said misconduct the said Gerard A. Van Gerven shall forthwith pay a fine of one hundred dollars, and shall in addition to said fine pay to the

plaintiffs the sum of $49.45, the amount which the court finds is necessary to indemnify the plaintiffs for costs necessarily incurred by them as a result of said contempt.

"It is further ordered and adjudged that as punishment for said misconduct the said defendant George Mathison shall forthwith pay a fine of fifty dollars, and shall in addition to said fine pay to the plaintiffs the sum of $25.30, the amount which the court finds is necessary to indemnify the plaintiffs for costs necessarily incurred by them as a result of said contempt.

"It is further ordered and adjudged that as punishment for said misconduct the said defendant R. Bruce shall forthwith pay a fine of fifty dollars, and shall in addition to said fine pay to the plaintiffs the sum of $25.35, the amount which the court finds is necessary to indemnify the plaintiffs for costs necessarily incurred by them as a result of said contempt.

"It is further ordered and adjudged that the said defendants Gerard A. Van Gerven, George Mathison and R. Bruce, and each of them, be committed to the county jail of Salt Lake county, until each pays his said fine and costs, in the proportion of one day's imprisonment for every dollar of said fine and costs."

One of appellants' assignments of error is that the judgment appealed from is contrary to and against law. Comp. Laws Utah 1917, §§ 7067 and 7068, provide:

7067. "Upon the answer and evidence taken, the court or judge must determine whether the person proceeded against is guilty of the contempt charged, and if it be adjudged that he is guilty of the contempt, a fine may be imposed on him not exceeding $200, or he may be imprisoned not exceeding thirty days, or both."

7068. "If an actual loss or injury to a party in an action or special proceeding, prejudicial to his right therein, is caused by the contempt, the court, in addition to the fine or imprisonment imposed for the contempt, or in place thereof, may order the person proceeded against to pay the party aggrieved a sum of money sufficient to indemnify him to satisfy his costs and expenses; which order and the acceptance of money under it is a bar to an action by the aggrieved party for such loss and injury."

It will be observed that there is nothing in the language used in section 7067, supra, that authorized the court to impose costs as a part of the penalty for contempt. The judgment for costs must find support by reason of the pro-

visions of section 7068, supra. Under the provisions of that section no authority is given the court to order the defendants imprisoned, if the costs are not paid. The provisions of section 7068 are clearly intended to enable the aggrieved party to pursue his civil remedy against the wrongdoer in the contempt proceedings.

It will be observed that under the judgment appealed from the defendants were each ordered committed to the county jail of Salt Lake county until each pays his fine and costs in the proportion of one day's imprisonment for every dollar of such fine and costs. The costs assessed against the defendants were for service of the order to show cause, $3.60; clerk's fees for issuing order to show cause, $2.50; fees for witnesses who appeared at the trial, $19; attorney's fee allowed by the court, $75. When a party to a proceeding such as this is awarded a money judgment for costs, including attorney's fees, we know of no rule of law that requires the successful party to satisfy his judgment at the rate of $1 for each day that his vanquished adversary languishes in jail. Nor do we know of any law that permits the imprisonment of a judgment debtor because he may be unable to pay a money judgment for costs and attorney's fees. That part of the judgment which requires the defendants to serve time in the county jail if the costs are not paid is void. As the judgment must be reversed, we express no opinion upon the authority of the court to order the defendants imprisoned if the fine is not paid.

During the trial the defendants Mathison and Bruce offered in evidence a written bill of sale dated October 15, 1927, whereby they purported to transfer their dairy business to one Annie De Bray. The defendant Van Gerven offered evidence to the effect that on October ■ 15, 1927, he transferred his dairy business to his son, and that since that time he has not been the owner or operator of the business. To both offers plaintiffs objected upon the ground that the evidence sought to be elicited was incompetent, irrelevant, and immaterial, and that it ap-

peared on its face to be a subterfuge on the part of defendants. The objections were sustained. These rulings of the court are assigned as error.

Before this evidence was offered, the plaintiffs had introduced testimony tending to show that both the Holland Dairy and the Buttercup Dairy had distributed milk in bottles bearing the insignia of the plaintiffs, and that these bottles had been so used after the defendants had been enjoined from using the same. It further appears that, when the defendants were enjoined from using milk bottles containing the trade name, mark, or insignia of the plaintiffs, the defendant Van Gerven was the owner of and engaged in operating the Holland Dairy, and that the defendants Mathison and Bruce were the owners of and engaged in operating the Buttercup Dairy. It is alleged in the affidavit upon which the order to show cause was issued that the defendant Van Gerven was the owner of and conducting the Holland Dairy when the alleged contempt was committed. It is there also alleged that the defendants Mathison and Bruce were the owners of and conducting the Buttercup Dairy when the alleged contempt was committed. The record further shows that counsel for the plaintiffs and the trial court took the view that the fact that the defendant Van Gerven was the owner of and in control of the Holland Dairy, and that the defendants Mathison and Bruce were the owners of and in control of the Buttercup Dairy at the time the decree of October 13, 1927, was entered, cast upon the defendants the burden of showing that they were not the owners of and conducting the same dairies at the time they were charged with disobeying the terms of the decree. There was some evidence offered on behalf of the plaintiffs that the defendant Van Gerven was connected with the Holland Dairy at the time the alleged contempt was committed, and likewise there was some evidence that the defendant Mathison was connected with the Buttercup Dairy when the alleged contempt was committed. The only evidence that connected the defendant Bruce with the

operation of the Buttercup Dairy at the time the alleged contempt was committed was the fact that he was one of the owners of the Buttercup Dairy when the decree of October 13, 1927, was entered.

Upon this record we are clearly of the opinion that the defendants were entitled to show who were the owners and in control of the Holland and Buttercup Dairies when the acts complained of were committed. The learned trial judge may well have looked with suspicion upon the proferred evidence, but this did not justify its rejection. Due process of law demands a hearing before condemnation. It is quite generally impossible to determine that a given transaction is a mere subterfuge, until after the facts and circumstances surrounding such transaction have been inquired into. It not infrequently happens in the trial of a case that evidence which appears unbelievable when first offered becomes convincing after further investigation.

Whether the defendants were or were not the owners of the Holland and Buttercup Dairies, and engaged in delivering or directing the delivery of milk in bottles containing the insignia of the plaintiff, was the gravamen of the charge made against the defendants. If the defendants had been permitted to go into the question of the ownership and control of the Holland Dairy and the Buttercup Dairy, no one can tell in advance what would have been the result of the inquiry. At the very threshhold of such investigation the defendants were precluded from offering evidence touching the ownership and control or right to control the dairies whose milk was delivered in bottles containing the insignia of the plaintiffs. The defendants had a right to sell their dairy business, and having once sold the same, and parted with the control thereof, they would clearly not be guilty of contempt if their successors in title chose to disregard the terms of the decree of October 13, 1927. We are of the opinion that the trial court should have admitted in evidence the bill of sale from the defendants Mathison and Bruce, and the offered evidence that the defendant Van

Gerven had sold his business to his son, and that the refusal to admit this evidence was prejudicial error.

Contention is also made that the decree enjoining the defendants from using the milk bottles containing the trade name, mark, or insignia of the plaintiffs is void. We are of the opinion that this contention is without merit.

Defendants also assign error as follows: "That the said judgment is not suported by the evidence in this: That the evidence shows clearly that each one of the defendants had sold their business and were not operating in violation of the law, and that the evidence shows clearly that defendant Van Gerven believed that he had sixty days before the decree became effective."

The assignment is without merit. The evidence does not show that the defendants had sold their businesses. The only evidence offered by the defendants affecting the sale of their business was not admitted. One of plaintiffs' witnesses testified that Van Gerven stated to him that the decree of October 13, 1927, did not become operative until the expiration of 60 days. The mere fact that Van Gerven made such a statement cannot relieve him of the duty to obey the court's decree. The evidence is not insufficient to support the judgment in the particulars specified under the foregoing assignment.

For the reasons stated, the judgment is reversed. The cause is remanded to the district court of Salt Lake county, with directions to that court to grant a new trial. Appellants are awarded their costs.

THURMAN, C. J., and STRAUP, J., concur.,

GIDEON, J.

I think the judgment should be modified, and not reversed. The attempt on the part of the trial court to enforce its judgment for costs and attorney fees by imprisonment clearly is not authorized by the statute. The ruling

of the court excluding the pretended bills of sale should not, in my judgment, work a reversal of the judgment. It is apparent from the record that these sales were mere subterfuges, and I do not think the court erred in excluding them, especially in view of the statement of counsel for defendants at the close of the testimony, which appears in the record, that the defendants executed these pretended bills of sale under advice of counsel, and that he considered he was justified in so advising them, and that he did so on account of the fact to permit the judgment of the court to be in force would practically destroy his clients' businesses. These facts could, of course, in no way be a defense to the proceedings for contempt.

CHERRY, J. I concur in the foregoing.